# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER WINSTON QUILALANG,<br><br>    Plaintiff,<br><br>  v.<br><br>JAMES HARTLEY, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:08-cv-00344-LJO-DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITHOUT PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983<br><br>(Doc. 1)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

**Findings and Recommendations Following Screening of Complaint**

**I. Screening Requirement**

  Plaintiff Roger Winston Quilalang ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on March 11, 2008.

  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1

II.    **Summary of Plaintiff's Complaint**

Plaintiff is currently housed at Avenal State Prison, where the events at issue in this action occurred. Plaintiff names Warden James Hartley and the Chairman of the Board of Parole Hearings as defendants. Plaintiff seeks equitable relief.

Plaintiff states that on June 25, 2003, he appeared before the Board of Parole Hearings and was denied parole for three years. Plaintiff states that he again appeared on August 29, 2006, and was again denied parole for three years. Plaintiff alleges that defendants have thus extended his sentence by six years. Plaintiff states that defendants refused to apply his good time credits to his six years, and that defendant Hartley stripped Plaintiff of his credit earning status. Plaintiff alleges a violation of the Due Process Clause of the Fourteenth Amendment.

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Wilkinson v. Dotson, 544 U.S. 74, 125 S.Ct. 1242, 1245-48 (2005); Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991). Moreover, when seeking relief for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994). "A claim . . . bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488.

Plaintiff is challenging defendants' refusal to apply his work time credits and therefore challenging the duration of his custody. Plaintiff's reliance on a civil rights suit under section 1983 is misplaced.

In addition, prisoners have no liberty interest in earning work time credits or participating in work programs. Toussaint v. McCarthy, 801 F.2d 1080, 1094-95 (9th Cir. 1986). Plaintiff fails to state a claim for relief regarding the loss of his credit earning status.

///

### III.     **Conclusion and Recommendation**

Accordingly, it is HEREBY RECOMMENDED that this action be DISMISSED, without prejudice, for failure to state a claim under section 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


     IT IS SO ORDERED.

     Dated:     **December 23, 2008**                    /s/ **Dennis L. Beck**
                                                        UNITED STATES MAGISTRATE JUDGE