# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER WINSTON QUILALANG,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JAMES HARTLEY., et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO. 1:08-cv-00344-LJO DLB PC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, AND DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM<br><br>(Doc. 7)<br><br>ORDER DENYING LEAVE TO AMEND COMPLAINT<br><br>(Doc. 10) |

Plaintiff Roger Winston Quilalang ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On December 24, 2008, the Magistrate Judge filed Findings and Recommendations which recommended dismissal of this action, without prejudice, for failure to state a claim under section 1983. Plaintiff was given thirty days within which to object. On January 12, 2009, Plaintiff sought an extension of time to object, which was granted by the Court. Plaintiff has not filed an Objection; however, on February 9, 2009, Plaintiff filed a motion to amend his complaint. (Doc. 10). In his motion, Plaintiff agrees with the Magistrate Judge's finding that Plaintiff does not state a cognizable section 1983 claim, but seeks leave to amend his complaint to allege cognizable section 1983 claims.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

In his complaint, Plaintiff challenged the defendants' refusal to apply his work time credits,

and therefore challenged the duration of his custody. The Magistrate Judge properly held that when a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Wilkinson v. Dotson, 544 U.S. 74, 125 S.Ct. 1242, 1245-48 (2005); Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991). Moreover, when seeking relief for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994). "A claim . . . bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488.

Because the deficiencies with Plaintiff's claims are not capable of being cured through amendment, Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000), and because Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint, George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints), Plaintiff's motion for leave to amend shall be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed February 3, 2009, is adopted in full;
2. This action is dismissed, without prejudice, for failure to state any claims upon which relief may be granted; and
3. Plaintiff's motion for leave to amend the complaint is denied

IT IS SO ORDERED.

**Dated:   March 23, 2009**          /s/ Lawrence J. O'Neill
                                                        UNITED STATES DISTRICT JUDGE